OPINION
Plaintiff-appellant, Faith Pearson ("Faith"), appeals the decision of the Brown County Court of Common Pleas, Juvenile Division, granting custody of her daughter, Lauren Tuepker, to defendant-appellee, Jason Tuepker.
The parties began living together in 1993 but never married. Lauren was born on January 25, 1995. The parties separated briefly in August 1994, and from August 1995 to August 1996. On August 22, 1995, the trial court declared Jason the father of Lauren, and ordered child support. Importantly, the trial court also designated Faith as the residential parent. In February 1999, the parties again separated and Faith left the home with Lauren and Joshua, a child from a previous relationship. Two months later, Faith brought Lauren and Joshua to stay with Jason until she could "get on her feet." Faith eventually moved to Indianapolis in August 1999 to live with her father, taking Lauren and Joshua with her.
On September 17, 1999, Jason filed a motion for a change of custody with the trial court. The trial court held a custody hearing on May 4, 2000. By decision filed August 23, 2000, the trial court designated Jason as the residential parent, thus changing custody from Faith to Jason. Faith now appeals the trial court's decision and raises the following two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN CHANGING THE CUSTODY OF A CHILD FROM ONE PARENT TO THE OTHER PARENT WITHOUT FINDING A CHANGE IN CIRCUMSTANCES.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN CHANGING CUSTODY OF A CHILD FROM ONE PARENT TO THE OTHER PARENT WHEN IT FAILED TO TAKE INTO CONSIDERATION THE CHILD'S PRIMARY CARE GIVER [SIC] WITH BOTH PARTIES HAVING SHORT COMINGS [SIC].
 In her first assignment of error, Faith argues that the trial court should have applied a change of circumstances standard because the trial court was considering a motion to modify custody. The trial court enjoys broad discretion in custody proceedings. Davis v. Flickinger, (1997), 77 Ohio St.3d 415, 416-17. The trial court is subject to reversal only upon a showing of an abuse of discretion. Pater v. Pater (1992), 63 Ohio St.3d 393, 396. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04(E)(1)(a) governs modification of prior custody orders and states in relevant part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
(Emphasis added.)
R.C. 3109.04(E)(1)(a) clearly requires a finding of a change of circumstances in order to modify a prior custody order. See Davis,77 Ohio St.3d 415.
The record is clear that on August 22, 1995, the trial court, in addition to declaring Jason to be Lauren's father and ordering him to pay child support, designated Faith as the residential parent of Lauren. Thus, the trial court should have applied the change of circumstances standard set forth in R.C. 3109.04(E)(1)(a) when considering Jason's motion for a change of custody. However, the record does not reflect that the trial court made the requisite finding of a change of circumstances. The trial court did not discuss a change of circumstances at all in its decision, but rather seems to base its decision solely on the best interest of the child. While this is the correct standard for an initial custody determination, it is not the correct standard when considering a motion for custody modification. A change of circumstances should have been shown before the trial court considered the best interest factors.
We therefore find that the trial court erred by granting Jason's motion for a change of custody without the required finding of a change of circumstances. Faith's first assignment of error is well-taken and sustained. Faith's second assignment of error is overruled as moot. See App.R. 12(A)(1)(c).
The judgment of the trial court is reversed. This matter is remanded to the trial court for a determination of whether a change of circumstances occurred. If a change of circumstances has occurred, the trial court must also determine whether a change of custody is in the child's best interest, and whether any of the three subsections of R.C.3109.04(E)(1)(a) applies.
Judgment reversed and remanded.
VALEN and POWELL, JJ., concur.